UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STARON ENTERPRISES LTD : | |
| D/B/A EUROPEAN MOTORCARS : | |
| : | |
| Plaintiff, : | |
| v. : | Civil No. 3:24-CV-00576 (KAD) |
| : | |
| THE CINCINNATI INSURANCE COMPANY : | |
| : | |
| Defendant : | APRIL 25, 2024 |

## MOTION TO REMAND

The plaintiff, Staron Enterprises LTD d/b/a European Motorcars ("Staron"), respectfully moves for an order remanding this case to the Superior Court, Judicial District of Middlesex, State of Connecticut, in that it was removed improvidently and without jurisdiction as follows:

On April 3, 2024, defendant, Cincinnati Insurance Company's ("Cincinnati"), removed this action based 28 U.S.C. §1332(a)(1) claiming complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000 exclusive of interest and costs. This honorable court lacks subject matter jurisdiction because the value of Staron's claim does not exceed the jurisdictional minimum required by statute. Indeed, Staron herein stipulates that the amount in controversy is not in excess of $75,000, exclusive of interest and costs.

This diversity statute referenced above confers original jurisdiction on federal district courts with respect to "all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The jurisdictional amount for diversity jurisdiction is measured at the time the complaint is filed. Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing'

rule."); see also Hall v. EarthLink Network, Inc., 396 F.3d 500, 506 (2d Cir. 2005) ("Generally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events.") (citations omitted). Moreover, the amount in controversy is established on the face of the complaint based on the actual dollar amount claimed. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself . . . ."); Boorman v. United Parcel Serv. of Am., Inc., 159 F.3d 1345 (2d Cir. 1998) (same). Staron's claim for relief, however, only indicates only that its damages exceed $15,000.

This Court has resolved an ambiguous amount in controversy such as the one used in Staron's complaint by granting remand provided that the plaintiff stipulate that it does not seek more than $75,000 in damages, exclusive of interest and costs. Luce v. Kohl's Dep't Stores, Inc., 23 F. Supp. 3d 82, 85 (D. Conn. 2014) (Meyer, J.) citing Ryan v. Cerullo, 343 F. Supp. 2d 157, 159- 60 (D. Conn. 2004) (Kravitz, J.). This solution allows Staron "to clarify" the otherwise ambiguous amount in controversy in its complaint, Ryan, 343 F. Supp. 2d at 159, without violating the rule that a plaintiff may not simply reduce a monetary demand to defeat federal diversity jurisdiction that is otherwise proper, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292-93 (1938); Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir.2010) (per curiam). As such, Staron has stipulated as set forth above that its claim against Cincinnati was less than the jurisdictional amount of $75,000 on the date the Complaint was filed.

For the foregoing reasons, Staron respectfully prays for an order of this Court remanding this action to the Superior Court, Judicial District of Middlesex, at Middletown, State of Connecticut, bearing docket number **MMX-CV24-6040828** captioned "**STARON ENTERPRISES LTD d/b/a EUROPEAN MOTORCARS v. CINCINNATI INSURANCE COMPANY**" for further proceedings and an order awarding Staron its costs incurred in this Court by reason of the removal.

Respectfully submitted,

STARON ENTERPRISES LTD

By /s/ Eric S. Parker ct31310
Eric S. Parker, Esq.
John J. Robacynski, Esq.
Romano Parker & Associates
41 New Britain Avenue
Rocky Hill, CT 06067
Tel: (860) 563-7482
Fax: (860) 257-3195
ep@romanoparker.com
Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Eric S. Parker