UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STARON ENTERPRISES LTD )<br>*Plaintiff*, ) | CASE NO. 3:24-cv-00576 (KAD) | |
| ) | | |
| v. ) | | |
| ) | | |
| CINCINNATI INSURANCE COMPANY )<br>*Defendant*. ) | JUNE 4, 2024 | |

**ORDER**
**RE: PLAINTIFF'S MOTION TO REMAND (ECF NO. 17)**

Kari A. Dooley, United States District Judge:

By Complaint dated March 7, 2024, Plaintiff Staron Enterprises Ltd, ("Staron") commenced this action against Defendant Cincinnati Insurance Company ("CIC") in the Superior Court for the state of Connecticut, judicial district of Middlesex. CIC received a copy of the Summons and Complaint on March 11, 2024. By Notice of Removal dated April 3, 2024, CIC timely removed the case to this Court invoking this Court's diversity jurisdiction. Now pending before the Court is Staron's motion to remand, in which Staron represents that the amount in controversy does not exceed $75,000, the jurisdictional threshold for the Court's exercise of diversity jurisdiction. CIC opposes remand. For the reasons that follow, the motion for remand is GRANTED.

**Discussion**

Federal Courts are courts of limited jurisdiction, *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000), having subject matter jurisdiction over only matters in which a federal question is raised or there is diversity of citizenship between the parties. S*ee* 28 U.S.C. §§ 1331, 1332.[1] At issue here, diversity jurisdiction exists only where there is complete

---

[1] Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause

diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Staron's Complaint does not, on its face, reveal whether Plaintiff seeks in excess of $75,000 in damages and contains only the statutorily required jurisdictional threshold for actions brought in the Superior Court—a claim in excess of $15,000. Conn. Gen. Stat. § 52-91. In the Notice of Removal, CIC asserts that a fair reading of the Complaint, which includes a claim for punitive damages and attorneys' fees, supports the conclusion that the amount in controversy exceeds $75,000. In seeking remand, Staron asserts that the amount in controversy does not exceed $75,000. Unpersuaded, CIC responds that Staron cannot amend its claim post-removal and that jurisdiction is determined at the time of removal, when the amount in controversy is reasonably assessed as being greater than $75,000. In Reply, Staron argues that it is not amending its claim, rather, that it is clarifying that the amount in controversy has never been in excess of $75,000 to include *at the time of removal.* The Court agrees with Staron that this case does not properly invoke the court's diversity jurisdiction.

Whether a defendant has properly invoked the court's diversity jurisdiction is determined as of the date of removal. *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) (collecting cases). If properly invoked, post-removal pleadings cannot destroy diversity jurisdiction. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). Where the Plaintiff's Complaint does not explicitly identify the amount in controversy, the Court can examine the nature of the allegations to assess whether the amount in controversy exceeds $75,000. *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 200–01 (D. Conn.

---

of action shows that it is based upon federal law.'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

2015) (citing *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006).

However, in seeking remand, a Plaintiff may clarify by stipulation that at the time the Complaint was filed and at the time of removal, Plaintiff was not seeking in excess of the jurisdictional threshold. *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014) (citing *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159–60). And where Plaintiff does so, remand is not only appropriate, but required. *See Innovative Inflatables, LLC v. Ally Bank*, 602 F. Supp. 3d 315, 319 (D. Conn. 2022) ("A line of decisions in this District holds that when a plaintiff gives such a stipulation in appropriate circumstances, a removed civil action *must* be remanded[.]" (emphasis added). The Court cannot manufacture subject matter jurisdiction on an assessment at odds with the Plaintiff's express claim. *See Luce*, 23 F. Supp. 3d at 86 (D. Conn. 2014) ("Plaintiff's stipulation suffices to refute any preponderance showing that her claim amounts to more than $75,000 in damages."). *See also Andrade v. Target Stores, Inc.*, No. 3:15-CV-1227(AWT), 2015 WL 10891211, at *1–2 (D. Conn. Dec. 15, 2015) (remand appropriate after stipulation, even where defendant argued that "plaintiff's medical bills, current pain and suffering, future pain and suffering, past lost wages, future lost wages, and any award of damages for permanent injury… could easily exceed the jurisdictional threshold of $75,000."); *Howard v. Anthem, Inc.*, 638 F. Supp. 3d 133, 140 (D. Conn. 2022) ("The language of the Revised Stipulation thus establishes to a legal certainty that the amount in controversy does not exceed $75,000."); *Hayes v. Pfizer, Inc.*, No. 3:15-CV-1854 (MPS), 2016 WL 1363623, at *2 (D. Conn. Apr. 6, 2016) ("[A]s the plaintiff and her counsel have signed and filed a stipulation that the plaintiff will not seek more than $75,000 exclusive of interest and costs from the defendant upon remand, the Motion to Remand is granted.")

This case presents just this situation. Staron has asserted that it has never valued its claims in this case as being greater than $75,000. While CIC might reasonably have assessed otherwise in seeking removal, Staron's stipulation defeats this Court's diversity jurisdiction. *See e.g. Innovative Inflatables, LLC*, 602 F. Supp. 3d at 320, n. 3 (collecting cases).

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to remand is GRANTED. The Clerk of the Court is directed to remand this case back to the Superior Court, judicial district of Middlesex from where it was removed.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of June 2024.

        /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE